[749 NYS2d 264]

In the Matter of Darren M. Shapiro (Admitted as Darren Mel Shapiro), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, October 28, 2002

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset (*Edward A. Tini* of counsel), for petitioner.

*Sarah Diane McShea,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing one

charge of professional misconduct. In his answer, he admitted all of the factual allegations contained in the petition, as well as his guilt of the charge. At the hearing, the petitioner's case consisted entirely of documentary evidence contained in six exhibits. The respondent testified on his own behalf, presented five character witnesses, and introduced 11 exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report. The respondent joins in the petitioner's motion, and asks the Court to impose a sanction that will permit him to continue to practice law without interruption.

The charge alleged that the respondent was convicted of the following two crimes:

On December 7, 2000, in a bargained-for disposition, the respondent pleaded guilty to obstructing governmental administration, a class A misdemeanor in violation of Penal Law § 195.05, and operating a motor vehicle under the influence of alcohol or drugs, a class A misdemeanor in violation of Vehicle and Traffic Law § 1192 (3). On March 7, 2001, he appeared before the Honorable Thomas Feinman, District Court Judge, for sentencing. His sentence included, inter alia, fines totaling $1,250, a $110 surcharge, and a $10 crime victim's assistance fee; three years' probation with alcohol therapy as indicated by the Department of Probation; and revocation of his license to operate a motor vehicle in New York State.

Based on the evidence adduced at the hearing, including the respondent's admissions, the charge was properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he has accepted full responsibility for his misconduct, which was unrelated to the practice of law and occurred while he was under the influence of alcohol. He also asks the Court to consider his previously unblemished record, the steps he has taken to address his problems with alcohol including, inter alia, his involvement with the Lawyers' Assistance Program and Alcoholics Anonymous, the character testimony presented at the hearing, and that he has been candid, contrite, and cooperative with the Grievance Committee.

The respondent has no prior disciplinary record.

In view of the seriousness of the respondent's offenses, his youth and inexperience, his unblemished record, his diligent efforts to rehabilitate himself, and the absence of any harm to his clients, the respondent is suspended from the practice of law for a period of one year.

SANTUCCI, J.P., ALTMAN, FLORIO, FEUERSTEIN and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Darren M. Shapiro, is suspended from the practice of law for a period of one year, commencing November 29, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Darren M. Shapiro, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.